B18 (Official Form 18) (12/07)

# United States Bankruptcy Court

Northern District of Illinois

**Case No. 14−17964**

**Chapter 7**

In re: Debtor (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):

   Laura M. De La Torre
   5220 W. 63rd Place
   Chicago, IL 60638−5706

Social Security / Individual Taxpayer ID No.:
   xxx−xx−3059

Employer Tax ID / Other nos.:

## DISCHARGE OF DEBTOR

     It appearing that the debtor is entitled to a discharge, **IT IS ORDERED:** The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

                                             FOR THE COURT

Dated: <u>August 19, 2014</u>                            <u>Jeffrey P. Allsteadt, Clerk</u>
                                                                United States Bankruptcy Court

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

B18 (Official Form 18) (12/07) – Cont.

# EXPLANATION OF BANKRUPTCY DISCHARGE
# IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

**Collection of Discharged Debts Prohibited**

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor.*[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

**Debts That are Discharged**

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

**Debts that are Not Discharged.**

Some of the common types of debts which are not discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes (in a case filed on or after October 17, 2005);

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans (in a case filed on or after October 17, 2005).

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

United States Bankruptcy Court
Northern District of Illinois

In re:  
Laura M. De La Torre  
    Debtor

Case No. 14-17964-JSB  
Chapter 7

## CERTIFICATE OF NOTICE

District/off: 0752-1     User: admin     Page 1 of 1     Date Rcvd: Aug 19, 2014  
                     Form ID: b18     Total Noticed: 12

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 21, 2014.
```
db              Laura M. De La Torre,    5220 W. 63rd Place,    Chicago, IL  60638-5706
21923238       +1st Finl Invstmnt Fund,    230 Peachtree St Nw Ste,    Atlanta, GA 30303-1534
21923240       +Atg Credit,    1700 W Cortland St Ste 2,    Chicago, IL 60622-1166
21923242       +CMRE Financial Services,    3075 E. Imperial HWY 200,    Brea, CA 92821-6753
21923243       +Cmre Financial Services Inc,    3075 E Imperial Hwy Ste 200,    Brea, CA 92821-6753
21966150       +U.S. Employees Credit Union,    c/o Trunkett & Trunkett, P.C.,    20 N. Wacker Drive, Suite 1434,
                 Chicago, IL 60606-2906
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
21923239       +EDI: AGFINANCE.COM Aug 20 2014 01:03:00      American General Finc'l/Springleaf,
                 Springleaf Financial Attn:BK. Dept.,    PO Box 3251,    Evansville, IN 47731-3251
21923241       +EDI: CAPITALONE.COM Aug 20 2014 01:03:00      Capital 1 Bank,    Attn: Bankruptcy Dept.,
                 Po Box 30285,    Salt Lake City, UT 84130-0285
21923244       +EDI: CITICORP.COM Aug 20 2014 01:03:00      Goodyr/cbna,    Po Box 6497,
                 Sioux Falls, SD 57117-6497
21923245       +E-mail/Text: bankruptcy.bnc@gt-cs.com Aug 20 2014 01:30:04      Green Tree Servicing,
                 PO Box 6172,    Rapid City, SD 57709-6172
21923246       +EDI: CBSKOHLS.COM Aug 20 2014 01:03:00      Kohls/capone,    N56 W 17000 Ridgewood Dr,
                 Menomonee Falls, WI 53051-7096
21923247       +EDI: WTRRNBANK.COM Aug 20 2014 01:03:00      Td Bank Usa/targetcred,    Po Box 673,
                 Minneapolis, MN 55440-0673
                                                                                              TOTAL: 6
```

        ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 21, 2014                                                Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 19, 2014 at the address(es) listed below:
```
              David M Siegel     on behalf of Debtor Laura M. De La Torre davidsiegellaw@hotmail.com,
               davidmsiegel@hotmail.com;author@proofofpayments.com;johnellmannlaw@gmail.com
              Deborah Michelle Gutfeld    gutfeldch7@perkinscoie.com, dgutfeld@ecf.epiqsystems.com
              Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
                                                                                             TOTAL: 3
```